IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NORTH DAKOTA
                          SOUTHEASTERN DIVISION

John Turnage,                    )
                                 )
            Petitioner,           )
                                 )    Criminal No. 3:04-cr-43
      vs.                         )    Civil No. 3:06-cv-43
                                 )
United States of America,        )
                                 )
            Respondent.           )

### Memorandum Opinion and Order

Defendant John Turnage has petitioned the Court under 28 U.S.C. § 2255, challenging his sentence in several ways (doc. #79). Turnage has also filed a motion to amend his petition (doc. #81). The Court will consider the arguments made in his motion to amend, so that motion is **GRANTED**. All of Turnage's arguments are without merit, so his § 2255 motion is **DENIED**.

### I.  Background

In April 2004, Turnage was charged with possession of a controlled substance with intent to distribute (doc. #1). The Indictment alleged Turnage knowingly and intentionally possessed with intent to distribute fifty grams or more of cocaine base (crack cocaine). A jury convicted Turnage of possession with intent to distribute over five grams of crack cocaine (doc. #47). The jury found Turnage not guilty of possession with intent to distribute more than fifty grams of crack cocaine. In other words, the jury found Turnage guilty of possessing a lesser amount than was charged in the Indictment. In March 2005, the

Court sentenced Turnage to 360 months imprisonment, finding he met the requirements of a career offender under U.S.S.G. § 4B1.1 (2004) (doc. #62). In February 2006, the Eighth Circuit Court of Appeals upheld Turnage's conviction (doc. #77).

Turnage filed a motion under 28 U.S.C. § 2255. In it, he argues ineffective assistance of counsel for not challenging his mental competency to stand trial, the validity of the search warrant he previously moved to suppress, the constitutionality of his sentence and the sufficiency of the Indictment, this Court's denial of his trial attorney's motion to withdraw, and the sufficiency of the evidence supporting the conviction.

**II.  Discussion**

    A.   Suppression Motion and Sufficiency of the Evidence

At the outset, the Court notes that the validity of the search warrant and the sufficiency of the evidence were argued on Turnage's direct appeal. United States v. Turnage, 158 Fed. Appx. 765 (8th Cir. 2006). The Eighth Circuit upheld both. Id. Therefore, Turnage's arguments regarding these issues are without merit and need no further discussion.

    B.   Mental Competency

Turnage collaterally attacks his mental competency to stand trial. First, he argues his trial attorney was ineffective for not presenting evidence of his mental competency to the jury. Second, he argues the length of his commitment was unlawful because the statute provides for only a thirty-day evaluation.

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." United States v. DeRoo, 223 F.3d 919, 925 (8th Cir. 2000).  First, the petitioner must show that his attorney's representation was objectively deficient and, second, that the attorney's deficient performance prejudiced his case.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The reasonableness of counsel's conduct is judged at the time of the challenged conduct.  Id. at 690.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."  Id.  Whether to challenge a defendant's mental competency can be a strategic choice when the proper investigation is done.  See Vogt v. U.S., 88 F.3d 587 (8th Cir. 1996) (holding trial attorneys acted reasonably when they did not request a competency review after conducting a complete investigation of the defendant's mental condition).

In this case, trial counsel investigated Turnage's mental health history.  After reviewing Turnage's January 2000 psychological evaluation from Minnesota, he requested a psychological evaluation be done to determine Turnage's current mental state.  A complete evaluation was completed, and the results of the evaluation indicated that Turnage was competent to stand trial as well as other less favorable conclusions.  Having considered the report, trial counsel's decision to not address Turnage's mental competency at trial was not unreasonable.  The attorney had to weigh the advantages of raising the issue against

3

the potential disadvantages the report could pose.  This Court cannot second guess counsel's tactical decision.  Therefore, Turnage's ineffective assistance of counsel argument is without merit.  Turnage's second challenge to his mental competency is also without merit.  He argues that his right to a speedy trial and his statutory rights were violated when he was evaluated for forty-one days rather than thirty days.  While Turnage is correct that "the court may commit the person to be examined for a reasonable period, but not to exceed thirty days," 18 U.S.C. § 4247(b) (2000), the statute also allows for an extension of fifteen days.  Id. ("The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, . . .").  In this case, the director of the facility where Turnage was committed requested the fifteen day extension to observe and evaluate Turnage.  The extension was for Turnage's benefit in the interests of justice, and the District Court did not abuse its discretion in granting the extension.  Turnage's argument is without merit.

    C.    Substitution of Trial Attorney

Turnage argues this Court's denial of his motion to substitute counsel denied him of his Sixth Amendment right to effective assistance of counsel.  On October 6, 2004, six days before his trial, Turnage's trial counsel moved to withdraw, claiming a complete breakdown in communication.  The motion was premised on two conversations between Turnage and trial counsel.  First, during a telephone conversation with defendant on October

4

4th, Turnage abruptly ended the conversation by hanging up the telephone.  Second, counsel met with Turnage in pretrial confinement on October 6th.  Shortly after the meeting began, Turnage and counsel had different opinions about defense tactics.  Defendant then stood up and advised counsel, "I don't want you as my attorney," and he proceeded to walk out of the meeting room and did not return.  On October 8th, the Court held a hearing to inquire into the facts supporting the motion.  After the hearing, the Court denied the motion, finding no facts to support the substitution of counsel so shortly before trial.

A request for substitute counsel requires the Court to balance different factors:  the need for effective legal representation, the need to not allow abusive delay tactics, and the reality defendants are often not satisfied with appointed counsel even though counsel is doing a good job.  Hunter v. Delo, 62 F.3d. 271, 274 (8th Cir. 1995).  Whether to grant a continuance and substitution of counsel is within the sound discretion of the district court.  United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992).  The Court has a duty to inquire thoroughly into the factual basis of the request for substitute counsel.  Hunter, 62 F.3d at 274.  The standards for granting substitute counsel are strict.  Id.

In order to meet the strict standards of the Eighth Circuit, the defendant must show justifiable dissatisfaction with appointed counsel.  Id.  Justifiable dissatisfaction includes a conflict of interest, an irreconcilable conflict, or a complete

5

breakdown in communication between the attorney and the defendant. Id.  The Court focuses on the adequacy of counsel's representation, not the relationship between the defendant and his attorney. United States v. Barrow, 287 F.3d 733, 738 (8th Cir. 2002).  The defendant does not have the right to have a meaningful relationship with his counsel, only that he be adequately represented at trial. Swinney, 970 F.2d at 499.

Furthermore, last minute requests for substitute counsel are not favored. Barrow, 287 F.3d at 738.  A court does not abuse its discretion by denying a request for substitute counsel if a continuance would be required. Id.  The Court must make sure that last-minute requests for substitute counsel are not a tactic for delay by the defendant. Swinney, 970 F.2d at 499.  Finally, as the Eighth Circuit said in Barrow, justifiable dissatisfaction "does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation.  Thus, a defendant has no right to an attorney who will docilely do as she is told." 287 F.3d at 738.

In this case, the request for new counsel was made less than one week before the trial.  A long continuance would have been required for a new attorney to prepare for trial.  Furthermore, Turnage's dissatisfaction was based on a difference of opinion over trial strategy.  These are the exact problems the Eighth Circuit warned against in Barrow, Swinney, and Hunter.  Turnage's appointed counsel was experienced, zealously advocated for his client at trial, and pursued appeal, although the Circuit allowed

6

him to withdraw after appeal. The Court is completely satisfied that Turnage was provided effective assistance of counsel throughout his case. Therefore, his argument regarding substitution of counsel is without merit.

    D.   Sentence and Indictment

Turnage argues the Court unconstitutionally considered his prior convictions that made him punishable as a career offender rather than submitting his prior sentences to jury as part of the Indictment. Section 4B1.1(a) of the United States Sentencing Guidelines defines what defendants are career offenders:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In <u>Almendarez-Torres v. United States</u>, the Supreme Court held the district court may consider prior convictions in sentencing because recidivism statutes are not elements of a crime. 523 U.S. 224, 239-47 (1998). Although Turnage argues the rule from <u>Almendarez-Torres</u> has been eroded away, <u>Almendarez-Torres</u> remains binding precedent until the Supreme Court overrules it. E.g, <u>United States v. Torres-Alvarado</u>, 416 F.3d 808, 810 (8th Cir.2005) ("we are bound by <u>Almendarez-Torres</u> until the Supreme Court explicitly overrules it"); <u>United States v. Johnson</u>, 411 F.3d 928, 931 (8th Cir. 2005) ("Sixth Amendment does not require that the fact of a prior conviction be

7

determined by a jury"). Therefore, Turnage's challenge to his sentencing and Indictment are without merit.

### III. Conclusion

In addition, the Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Therefore, a certificate of appealability will not be issued by this Court.[1]

**IT IS SO ORDERED.**

Dated this 4th day of April, 2007.

RODNEY S. WEBB   District Judge
United States District Court

---

[1] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c). Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).